United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-30337
SUMMARY CALENDAR

—————————————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LAWRENCE NAKAUCHI, also known as Sam Peters, also known as Kevin Yamato, also known as Robert Wright,

      Defendant - Appellant.

———————————————————————————————————————

Appeal from the United States District Court for the
Eastern District of Louisiana
(02-CR-25-L)

———————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review Defendant - Appellant's, Lawrence Nakauchi (hereinafter,

"Nakauchi"), conviction and sentence for conspiracy to posses with intent to distribute MDMA,

commonly know as Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Nakauchi argues that the district court erred by including approximately 22,000 tablets of

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

MDMA in its sentencing calculations. Nakauchi claims he had withdrawn from the conspiracy to posses with the intent to distribute the drugs because he had already been arrested and given a confession to authorities prior to the government's seizure of the 22,000 tablets of MDMA.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).

A defendant is presumed to continue in a conspiracy unless he makes a substantial affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose. *United States v. Torres*, 114 F.3d 520, 525 (5th Cir. 1997). The district court did not clearly err in finding that Nakauchi's confession to authorities was insufficient to show his withdrawal from the conspiracy. The record indicates that Nakauchi provided only limited information, not a full confession. *See United States v. Jimenez*, 622 F.2d 753, 757-58 (5th Cir. 1980).

For the foregoing reasons, we affirm the conviction and sentence.